IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES BURNELL, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-103 |
| RANDALL WALTER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

James Burnell, Jr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Randall Walter, Logan E. Pickett and Ciara B. Tanner.  Defendant Walter is an officer with the Liberty, Texas, Police Department.  Defendant Pickett is the former district attorney of Liberty County, Texas.  Defendant Tanner is a private attorney who represented Plaintiff.  This matter has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636.  This Report and Recommendation considers the claims against Defendants Pickett and Tanner.

Factual Allegations

A vehicle Plaintiff was driving was pulled over by Defendant Walter.  Plaintiff states he was in possession of drugs.  He also had $1042 in cash and the title to his vehicle.  Defendant Walter found the drugs in Plaintiff's pants and confiscated them.  He also took Plaintiff's cash and car title.  Plaintiff states he told Defendant Walter the cash was from a settlement arising out of a wrongful death lawsuit concerning his mother's death.  Defendant Walter replied by saying the cash was drug money and that it was being seized.  Plaintiff was told he had 20 days to prove the cash was proceeds from the settlement.

Plaintiff states his sister went to the district clerk's office and presented documents concerning the settlement.  He alleges Defendant Tanner told him she had talked to his sister and

confirmed his sister had taken the documents to the clerk's office. Plaintiff states he also asked Defendant Tanner about $6,000 in cash that was in the center console of his vehicle. Plaintiff believes the officers involved in his arrest stole his money.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

*Claim Against Defendant Pickett*

As stated above, Defendant Pickett was formerly the district attorney of Liberty County. Plaintiff faults Defendant Pickett for allowing his funds to be forfeited even though his sister submitted documents showing the funds were proceeds from a wrongful death settlement.

Criminal prosecutors enjoy absolute immunity from claims for money damages asserted under Section 1983 for actions taken in the presentation of a criminal case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). As the Supreme Court stated:

> [A]cts taken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

2

Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony or of manufacturing evidence. *Id.* at 318, n.9. Absolute prosecutorial immunity also applies to actions taken by a prosecutor in initiating and presenting a civil forfeiture case. *Alexander v. Ieyoub*, 997 F.2d 881, No. 92-4278, slip op. at 1 (5th Cir. July 2, 1993). However, a prosecutor is only entitled to qualified immunity for administrative functions such as retaining and managing property obtained under forfeiture statutes. *Id.*

Plaintiff seeks money damages. His claim against Defendant Pickett arises out of actions taken by Defendant Pickett in the prosecution of a forfeiture case. Plaintiff's claim does not concern administrative actions taken by Defendant Pickett. As Plaintiff's claim against Defendant Pickett is based on acts for which Defendant Pickett has absolute prosecutorial immunity, the claim against Defendant Pickett should be dismissed.

*Claim Against Defendant Tanner*

Plaintiff appears to allege Defendant Tanner failed to represent him adequately. However, for the reasons set forth below, Defendant Tanner was not acting under color of state law while she represented plaintiff.

In order to state a cause of action under Section 1983, a plaintiff must allege that the person who deprived him of a federal right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Mannax v. McNamara*, 842 F.2d 808, 812 (1988). A private attorney generally does not act under color of state law. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).[1] As a result,

---

[1] A private attorney does act under color of state law when she conspires with state officials. *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). However, Plaintiff does not allege Defendant Tanner conspired with a state official.

Plaintiff's claim against Defendant Tanner does not state a cause of action under Section 1983 and should be dismissed for failure to state a claim upon which relief may be granted.

<u>Recommendation</u>

Plaintiff's claims against Defendants Pickett and Tanner should be dismissed.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE